840 So.2d 656 (2003)
STATE of Louisiana
v.
Rubin BELL.
No. 02-KA-1127.
Court of Appeal of Louisiana, Fifth Circuit.
February 25, 2003.
Rehearing Denied March 24, 2003.
*657 Honorable Anthony G. Falterman, District Attorney, Donald D. Candell, Assistant District Attorney, Gonzales, LA, for Plaintiff-Appellee.
Prentice L. White, Louisiana Appellant Counsel, Baton Rouge, LA, for Defendant-Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., THOMAS F. DALEY and SUSAN M. CHEHARDY.
*658 EDWARD A. DUFRESNE, JR., Chief Judge.
The St. James Parish Grand Jury returned an indictment charging defendant, Rubin Bell, with first degree murder of Keith Williams which occurred on April 6, 2000, LSA-R.S. 14:30. The state subsequently amended the indictment to charge defendant with second degree murder, a violation of LSA-R.S. 14:30.1. This matter proceeded to trial before a twelve person jury which found defendant guilty as charged. The trial judge, after listening to victim impact statements and reviewing a pre-sentence report, sentenced defendant to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. Defendant now appeals.

FACTS
On April 6, 2000, defendant, along with three other individuals, Trevor Sanders, Adrian Dunn, and Mike Armour, drove to LaPlace in Armour's vehicle with the intent to rob a drug dealer. However, they changed their plan and drove to Vacherie. While in Vacherie, the men drove by a car wash, and Dunn spotted a red Cadillac that he wanted to steal. They parked on a back street, at which time defendant and Dunn exited the vehicle and proceeded to the car wash. Both men wore masks and were armed with guns. The two assailants approached Keith Williams and Henry Oubre who were washing Williams' red Cadillac. Defendant and Dunn aimed their guns at the two men and forced them against the car wash wall. One of the perpetrators hit Williams in the head with his gun, and then ordered both victims to get into the back seat of the Cadillac. The assailants drove to the vicinity of the Webre-Steib Plantation and ordered the victims to exit the vehicle. When Williams exited, he was shot in the head, and thereafter died. Oubre attempted to flee, and in the process, was shot in the shoulder. He managed to crawl to the roadway and summon help.
Shortly after this murder, the St. John Parish Sheriff's Office contacted the authorities in St. James because of distinct similarities between this murder and one that had occurred in LaPlace three days earlier. The joint investigation of the two offices led to the arrest of Rubin Bell, Adrian Dunn, and the other participants in the robberies. Search warrants issued during the investigation led to the recovery of evidence of both crimes from the residences of Bell and Dunn.
Following Bell's arrest, he was interviewed by authorities from St. James and St. John Parishes. He gave a confession in each parish. Regarding the April 6, 2000 incident that occurred in Vacherie, defendant admitted to being involved but claimed that Dunn was the gunman.

DENIAL OF MOTION FOR MISTRIAL
In his first assigned error, defendant argues that the trial court erred in denying his motion for mistrial when the state solicited testimony from a witness about defendant's involvement in an unrelated crime.
At the trial of this case, the state attempted to show that defendant was a principal with Adrian Dunn to the murder of Keith Williams, and as such, was criminally responsible. The defense presented by Bell at trial was that he was an unwilling follower who feared that Dunn would also kill him.
The challenged remark occurred during the redirect testimony of state witness, Trevor Sanders.[1] Pursuant to cross-examination *659 by defense counsel, Sanders testified that Dunn drove the stolen car and admitted to killing the vehicle's owner. Sanders testified that he helped dissuade Dunn from stealing another car that night and killing its owner. When asked if Bell also had attempted to dissuade Dunn, Sanders responded that Bell was not saying much. Defense counsel then asked if Sanders thought Bell was scared, and Sanders replied that he did.
On redirect examination, Sanders testified that defendant and Dunn had told him what had transpired during the robbery, and that Bell was laughing about it. Sanders further testified that Bell knew why they were going to Vacherie on the night in question. Thereafter, the prosecutor questioned Bell about defendant's presence with Adrian Dunn when another individual was killed. Defense counsel moved for a mistrial based on this other crimes evidence. As the judge had previously ruled that this evidence was admissible, he denied defendant's motion for mistrial. Thereafter, the trial judge instructed the jury regarding the limited use of the other crimes evidence, and defendant objected.
On appeal, defendant asserts that he was entitled to a mistrial pursuant to LSA-C.Cr.P. arts. 770(2) and 775. According to Article 775, "a mistrial shall be ordered ... when prejudicial conduct in or outside the courtroom makes it impossible for defendant to obtain a fair trial, or when authorized by Article 770 or 771." LSA-C.Cr.P. art. 770(2) provides that a mistrial shall be ordered "when a remark or comment, made within the hearing of the jury by the judge, district attorney or a court official, during the trial or in argument, refers directly or indirectly to ... another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible." As a general rule, Article 770 does not apply to testimony by a state witness, since a witness is not considered a "court official" for purposes of the article. However, the jurisprudence reflects that an impermissible reference to another crime deliberately elicited by the prosecutor would be imputable to the state and would therefore trigger the mandatory mistrial provisions of Article 770. The reference must be to another crime committed or alleged to have been committed by defendant as to which evidence is not admissible. State v. Girod, 96-660 (La.App. 5 Cir. 11/25/97), 703 So.2d 771, 775, writ denied, 98-0244 (La.6/19/98), 719 So.2d 480; State v. Williams, 01-1007 (La.App. 5 Cir. 2/26/02), 811 So.2d 1026, 1030.
The other crimes evidence that defendant is complaining about was previously found to be admissible by the trial judge. Prior to trial, the state filed notice of intent to use evidence of other crimes, in particular, an incident that occurred on April 3, 2000, in St. John Parish, in which defendant and Adrian Dunn were involved in a kidnapping, armed robbery, murder, and attempted murder. In its motion, the state alleged that the April 3 offense was peculiarly similar to the one committed against Mr. Williams and Mr. Oubre, and that it was admissible to "prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident on the part of defendant." Prior to trial, the court conducted a Prieur[2] hearing to determine the admissibility of this other crimes evidence. After listening to the testimony presented, the trial judge ruled that the evidence was admissible. We agree with the trial judge that the *660 evidence of the other crime was admissible.
While evidence of other crimes, wrongs or acts is not admissible to prove the character of a person to show that he acted in conformity therewith, according to LSA-C.E. art. 404B(1), such evidence is admissible for other purposes, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or fact ..." In the present case, intent was clearly at issue, and therefore, we find no error in the trial judge's admission of the other crimes evidence. Accordingly, the trial judge did not err in denying defendant's motion for mistrial under either LSA-C.Cr.P. art. 770 or 775. This assigned error is without merit.

INEFFECTIVE ASSISTANCE OF COUNSEL
In his second assigned error, defendant contends that he was denied effective assistance of counsel. He specifically alleges that two certain stipulations and one remark by his attorney during the trial of this matter were prejudicial and gave undue weight to the state's case. He reasons that defense counsel's actions were more than just "trial strategy" and amounted to a confession that the state made a prima facie case against defendant.
Generally, the issue of ineffective assistance of counsel is a matter more properly addressed in an application for post conviction relief, filed in the trial court where a full evidentiary hearing can be conducted. State v. Truitt, 500 So.2d 355 (La.1987). It is well settled, however, that where the record contains sufficient evidence to decide the issue, and the issue is properly raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. State v. Peart, 621 So.2d 780 (La.1993); State v. Brown, 99-172 (La. App. 5 Cir. 9/28/99), 742 So.2d 1051, 1057.
Since the record contains sufficient evidence to decide the issue, we will address defendant's allegations of ineffectiveness.
A claim of ineffective assistance of counsel must satisfy the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), reh'g denied, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984). Under the Strickland test, the defendant must show (1) that his attorney's performance was deficient, that is, that the performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) that counsel's errors or omissions resulted in prejudice so great as to undermine confidence in the outcome. It is not enough for the accused to make allegations of ineffectiveness; the accused must couple these allegations with a specific showing of prejudice. State v. Brown, 742 So.2d at 1058.
On appeal, defendant alleges that counsel was ineffective and severely jeopardized his case by entering into certain stipulations during the testimony of Major Bobby Hay, the chief of detectives in St. John Parish. The state called Major Hay to testify about a kidnapping, armed robbery, murder and attempted murder that occurred in St. John Parish on April 3, 2000. The state asked for a stipulation that it had presented a prima facie case of the St. John crime, and defense counsel refused. The court ruled that in the absence of a stipulation, the state could proceed with the questioning. Defense counsel then changed his mind and agreed to stipulate that the state has presented a prima facie case of Mr. Bell's involvement in the incident that happened in Laplace, Louisiana.
After this stipulation, in order to admit into evidence the ski mask and jacket allegedly worn in both incidents, the state intended to question the officer on these *661 limited subjects. Defense counsel said he "will stipulate that it (jacket) is similar to the one or it is the one I don't know whatever." The judge refused to accept this as a stipulation. Thereafter, the prosecutor noted that state witness Anthony Breaux had already testified that the defendant gave Breaux the jacket, Breaux turned the jacket over to Major Hay, and in the jacket pocket was a commercial mask and a .9mm bullet. Defense counsel stipulated to these facts which were previously testified to by Breaux.
Although defendant complains that his trial counsel was ineffective in entering into these stipulations, these stipulations appear to be nothing more than effective trial tactics. The judge had already ruled that he was going to allow the Instate to question Major Hay in detail regarding the crimes of murder, attempted murder, armed robbery, and kidnapping, which Bell engaged in three days before in St. John Parish. In order to ameliorate the damaging effect of this detailed testimony, trial counsel chose to agree that the state had presented sufficient evidence that he was "involved" in the LaPlace incident. The exact nature and extent of his involvement was not specified and defense counsel precluded the jury from hearing details of Bell's involvement in the other crimes. Additionally, the stipulation regarding the defendant's jacket was merely repetitive of testimony already given by state witness Anthony Breaux. Given these circumstances, we find that the defendant has failed to overcome the presumption that trial counsel's actions amounted to sound trial strategy.
Defendant also complains that trial counsel did not consult him regarding the ramifications of the stipulations and merely rested the case without putting on any evidence. Having found that the stipulations did not amount to deficient performance, but rather were sound trial tactics, we likewise reject this complaint by defendant.
The final action of trial counsel which defendant alleges was deficient occurred when Gerald Adams, the victim in the St. John Parish incident, was called to testify. When the state called Mr. Adams to testify, trial counsel for defendant objected on the basis that trial counsel had already stipulated regarding the incident in LaPlace. After argument of the prosecutor on the issue, trial counsel stated the following basis for his objection: "Your Honor, I think to permit evidence of other crimes, that has already been satisfied. And this is duplicating and this is driving more nails into the coffin, and I don't think it's proper." (Emphasis added).
This statement was merely an inarticulate attempt by counsel to impress upon the court the fact that Adams' testimony should be excluded as repetitive. From a tactical perspective, it was counsel's attempt to control any damage that may have resulted from the jury hearing details of the other crime. Under these circumstances, this comment does not rise to the level of "deficient performance" contemplated by Strickland. Additionally, there was overwhelming evidence presented at trial which established that defendant was a principal to second degree murder.
For these reasons, we find that defendant has failed to prove that his counsel's performance was deficient and that the deficiency prejudiced him. This assigned error is likewise without merit.

ERROR PATENT DISCUSSION
We have also reviewed the record for errors patent, LSA-C.Cr.P. art. 920, and have found none.
*662 For the reasons set forth herein, we affirm defendant's conviction and sentence.
AFFIRMED.
NOTES
[1] Trevor Sanders participated in the planning of the robbery and was in the car with defendant, Dunn, and Armour when they stopped at the car wash to steal Williams' red Cadillac.
[2] State v. Prieur, 277 So.2d 126 (La.1973)