869 So.2d 201 (2004)
STATE of Louisiana
v.
Allen A. GUILBEAU.
No. 03-KA-1327.
Court of Appeal of Louisiana, Fifth Circuit.
February 23, 2004.
*202 Paul D. Connick, Jr., District Attorney, Thomas J. Butler, Terry M. Boudreaux, Thomas S. Block, Assistant District Attorneys, Gretna, LA, for Plaintiff-Appellee.
Kevin V. Boshea, New Orleans, LA, for Defendant-Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., CLARENCE E. McMANUS and WALTER J. ROTHSCHILD.
CLARENCE E. McMANUS, Judge.

STATEMENT OF THE CASE
On March 2, 2000, the Jefferson Parish District Attorney filed a bill of information charging defendant, Allen Guilbeau, with possession with intent to distribute Diazepam, a violation of LSA-R.S. 40:969(A). Defendant was arraigned on March 31, 2000, and pled not guilty. Defendant filed various pre-trial motions, including a motion to suppress the evidence.
On September 5, 2000, the state amended the bill of information to add Count 2, possession of Alprazolam, a violation of LSA-R.S. 40:969(C).
On January 29, 2001, defendant withdrew his pleas of not guilty and pled guilty as charged to both counts. In accordance with the plea agreement, the trial court sentenced defendant to five years on each count and ordered that the sentences run concurrently with each other.
The state filed a multiple offender bill of information alleging defendant to be a third felony offender. The state specified that it sought enhancement of defendant's sentence on Count 1, possession with intent to distribute Diazepam. Defendant was apprised of the allegations in the multiple offender bill and entered an admission. The court accepted defendant's admission and found him to be a third felony offender. Pursuant to the *203 plea agreement, the court vacated defendant's sentence as to Count 1, and imposed an enhanced sentence of ten years at hard labor, without benefit of probation or suspension of sentence. The court ordered that the sentence run concurrently with the sentence on Count 2.
On January 6, 2003, defendant filed an application for post-conviction relief in the district court. He argued that his admission to the habitual offender bill of information was infirm, as the 1991 predicate conviction for possession of LSD was the result of a guilty plea under the former LSA-R.S. 40:983. As such, defendant claimed the conviction could not be used for enhancement purposes in a habitual offender bill. Defendant alternatively claimed that his trial counsel was ineffective in allowing him to admit to the allegations in the habitual offender bill.
On March 17, 2003, the trial court issued an Order denying defendant relief as to both claims. The court indicated that defendant's claim regarding the use of the 1991 conviction as a predicate in the habitual offender bill was a sentencing matter not properly raised in an application for post-conviction relief. The court further found that defendant had failed to meet his burden of proof with regard to the ineffective assistance claim.
Defendant applied to this Court for supervisory writs from the trial court's denial of his post-conviction relief application. On June 3, 2003, this Court granted writs for the limited purpose of allowing defendant the opportunity to seek reinstatement of his appeal rights since defendant had not timely filed a motion for appeal following his guilty plea and sentencing. This Court did not, in its writ denial, reach the merits of defendant's post-conviction claims.
Defendant filed a motion for an out-of-time appeal in the district court on June 17, 2003. The trial court granted the motion on July 7, 2003.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant complains that his admission to the allegations in the habitual offender bill of information was invalid because one of the two predicate convictions alleged by the state could not legally be used for enhancement purposes. Defendant states that he pled guilty in 1992 to possession of lysergic acid diethylamide ("LSD") under the provisions of LSA-R.S. 40:983. That statute, repealed by 1995 Louisiana Acts, No. 1251, § 2, provided:
A. Whenever any person who has not previously been convicted of any offense under this Part pleads guilty to or is convicted of having violated R.S. 40:966(C), R.S. 40:967(C), R.S. 40:968(C), R.S. 40:969(C), 40:970(C) of this Part, and when it appears that the best interests of the public and of the defendant will be served, the court may, without entering a judgment of guilt and with the consent of such person, defer further proceedings and place him on probation upon such reasonable terms and conditions as may be required. Among such conditions the court shall order that the defendant perform not less than one hundred hours of court-approved community service that may include manual labor.
B. Upon the defendant's violation of any of the terms or conditions of his probation, the court may enter an adjudication of guilt and impose sentence upon such person.
C. Upon fulfillment of the terms and conditions of probation imposed in accordance with this Section, the court shall discharge such person and dismiss the proceedings against him.

*204 D. Discharge and dismissal under this Section shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime, including the additional penalties imposed for second or subsequent convictions under R.S. 40:982.
E. Discharge and dismissal under this Section may occur only once with respect to any person.
The Louisiana Supreme Court has held that a dismissal of prosecution pursuant to LSA-R.S. 40:983 is tantamount to an acquittal. Louisiana State Bar Assoc. v. Reis, 513 So.2d 1173, 1176 (La.1987).
The state concedes that defendant pled guilty under LSA-R.S. 40:983, and that he successfully completed his probation and had the charge dismissed. That being the case, the state was not entitled to use the 1992 guilty plea to enhance defendant's sentence. Therefore, we reverse the trial court's finding that the defendant is a third felony offender and vacate the enhanced sentence. We further remand this matter to the trial court for resentencing on Count 1 of the original bill of information.

ASSIGNMENT OF ERROR NUMBER THREE[1]
Defendant complains that his trial counsel was ineffective in failing to recognize that the state was barred from using the 1992 LSD conviction as a predicate offense in the habitual offender bill of information.
A criminal defendant is guaranteed the effective assistance of counsel by the Sixth Amendment to the United States Constitution, and Article I, § 13 of the Louisiana Constitution. A claim of ineffective assistance of counsel must satisfy the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under the Strickland test, the defendant must show (1) that his attorney's performance was deficient, i.e., that the performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) that counsel's errors or omissions resulted in prejudice so great as to undermine confidence in the outcome. It is not enough for the accused to make allegations of ineffectiveness; the accused must couple these allegations with a specific showing of prejudice. State v. Bell, 02-1127, pp. 6-7 (La. App. 5 Cir. 2/25/03), 840 So.2d 656, 660.
The Sixth Amendment does not guarantee "errorless" counsel, or counsel judged ineffective by hindsight. Rather, a defendant is guaranteed an attorney who is reasonably likely to render effective assistance. State v. LaCaze, 99-0584, p. 20 (La.1/25/02), 824 So.2d 1063, 1078, cert. denied, 537 U.S. 865, 123 S.Ct. 263, 154 L.Ed.2d 110 (2002). Judicial scrutiny must be highly deferential, and claims of ineffective assistance are to be assessed on the facts of the particular case as seen from counsel's perspective at the time. The courts, therefore, must indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance. Id.
Generally, an ineffective assistance of counsel issue is a matter more properly addressed in an application for post-conviction relief filed in the trial court, where a full evidentiary hearing can be conducted. State v. Truitt, 500 So.2d 355, 359 (La. 1987). It is well settled, however, that *205 where the record contains sufficient evidence to decide the issue, and the issue is properly raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. State v. Peart, 621 So.2d 780, 787 (La.1993); State v. Bell, 02-1127 at p. 6, 840 So.2d at 660. As noted above, the state concedes that defendant pled guilty under LSA-R.S. 40:983, and that he successfully completed his probation and had the charge dismissed. Trial counsel's failure to investigate and to object to the state's use of the 1992 guilty plea before allowing defendant to admit to the habitual offender allegations amounts to a deficient performance. However, this issue is now moot since we vacated the third felony offender finding and remanded the matter to the trial court pursuant to the discussion in Assignment of Error Number One.

ASSIGNMENT OF ERROR NUMBER TWO
Defendant argues that the trial court erred in denying his motion to reconsider sentence. There is no evidence in the record that defendant preserved his right to appeal either of his sentences by way of an oral or written motion to reconsider sentence, as required by LSA-C.Cr.P. art. 881.1. Additionally, defendant's brief contains no argument in support of this assignment. Assignments of error that are neither briefed nor argued are considered abandoned on appeal. Uniform Rules Courts of Appeal, Rule 2-12.4; State v. Blank, 01-564, pp. 10-11 (La.App. 5 Cir. 11/27/01), 804 So.2d 132, 139. Therefore, we will not address this issue on appeal.

ERROR PATENT DISCUSSION
The record was reviewed for errors patent. LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir. 1990). The following matters are presented for review.
First, there is no evidence in the record that defendant was arraigned after the bill of information was amended to add Count 2. Defendant did not object to the court's failure to arraign him on the amended charge, nor does he complain of the error on appeal. He has, therefore, waived the issue and no corrective action is required. State v. Smith, 02-1018, p. 10 (La.App. 5 Cir. 3/11/03), 844 So.2d 119, 126.
Second, Defendant failed to make a timely motion for appeal. When this Court remanded the matter for the limited purpose of allowing defendant the opportunity to seek reinstatement of his appeal rights, defendant should have done so by way of an application for post-conviction relief in the district court. LSA-C.Cr.P. arts. 924-930.7; State v. Counterman, 475 So.2d 336, 339 (La.1985). Instead, defendant improperly filed a motion for out-of-time appeal in the district court. However, the state has not claimed prejudice and the Louisiana Supreme Court has recognized that appeals are favored in the law, and has disapproved of the dismissal of appeal on "hypertechnical grounds." See, State v. Bunnell, 508 So.2d 55 (La.1987). Therefore, in the interest of judicial economy, we treat defendant's appeal as procedurally sound. See, State v. Armant, 02-907, pp. 4-5 (La.App. 5 Cir. 1/28/03), 839 So.2d 271.
Finally, LSA-C.Cr.P. art. 930.8 provides that a defendant has two years from the date "the judgment of conviction and sentence become final" within which to file a post-conviction relief application. This article requires that the trial judge inform a defendant of the prescriptive period at the time of sentencing. In the instant case, the judge instructed defendant that he would have "two years to file for post *206 conviction relief." The judge's advice was incomplete because he failed to inform defendant that the prescriptive period will begin to run when the judgment of conviction and sentence becomes final. Therefore, we advise the district court to fully inform defendant of the provisions of Article 930.8 on remand.
In accordance with the above, we vacate the defendant's third felony offender finding and enhanced sentence and remand this matter for resentencing on Count 1 of the original bill of information. We further affirm defendant's conviction on Count 1 and conviction and sentence on Count 2.
REVERSED AND REMANDED.
NOTES
[1] This assignment is taken out of order, as it is closely related to the issue raised in Assignment of Error Number One.