STATE OF LOUISIANA

VERSUS

DARVAL B. LEDET

NO. 20-KA-258

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 18-7394, DIVISION "F"
HONORABLE MICHAEL P. MENTZ, JUDGE PRESIDING


January 27, 2021


**SUSAN M. CHEHARDY**
**CHIEF JUDGE**


Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and Stephen J. Windhorst


**CONVICTIONS AND SENTENCES AFFIRMED; MOTION TO**
**WITHDRAW GRANTED.**
    **SMC**
    **JGG**
    **SJW**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
    Honorable Paul D. Connick, Jr.
    Thomas J. Butler
    Gail D. Schlosser
    Douglas E. Rushton

COUNSEL FOR DEFENDANT/APPELLANT,
DARVAL B. LEDET
    Katherine M. Franks

DEFENDANT/APPELLANT,
    Darval B. Ledet
        In Proper Person

**CHEHARDY, C.J.**

Defendant, Darval B. Ledet, appeals his convictions and sentences for one count of attempted second degree murder, two counts of attempted armed robbery, and one count of possession of a firearm by a convicted felon. For the following reasons, we affirm defendant's convictions and sentences on all counts and grant appellate counsel's motion to withdraw as counsel of record for defendant.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On December 28, 2018, the Jefferson Parish District Attorney filed a bill of information charging defendant, Darval Ledet, with attempted armed robbery of Daisha Patin with a firearm in violation of La. R.S. 14:27, La. R.S. 14:64, and La. R.S. 14:62.3 (count one); attempted second degree murder of Daisha Patin in violation of La. R.S. 14:27 and La. R.S. 14:30.1 (count two); attempted armed robbery of Roy A. Cain with a firearm in violation of La. R.S. 14:27, La. R.S. 14:64, and La. R.S. 14:62.3 (count three); attempted second degree murder of Roy A. Cain in violation of La. R.S. 14:27 and La. R.S. 14:30.1 (count four); and, possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1 (count five).[1] Defendant appeared for arraignment on January 3, 2019, and through counsel appointed for purposes of the arraignment only, defendant pled not guilty on all counts.[2]

On September 12, 2019, the State amended the bill of information to enter a *nolle prosequi* on count four pursuant to a negotiated plea agreement. On that same date, defendant withdrew his not guilty pleas and tendered a plea of guilty as charged on counts one, two, three, and five. After waiving sentencing delays, and in accordance with the plea agreement, the trial court sentenced defendant to

---

[1]    Defendant was previously convicted of possession of methamphetamine in violation of La. R.S. 40:967(C), in case number 17-450, Division "A," in the 25th Judicial District Court, Parish of Plaquemines. Further, in the instant matter, defendant was also charged in case number 18-7977 with resisting an officer, a misdemeanor, for which he was sentenced to time served.

[2]    Following the arraignment, the trial judge appointed counsel for defendant.

imprisonment at hard labor for twenty years on counts one and three—with an additional five-year consecutive sentence on each count for use of a firearm—without benefit of parole, probation, or suspension of sentence; imprisonment at hard labor for twenty-five years on count two, without benefit of parole, probation, or suspension of sentence; and, imprisonment at hard labor for twenty years on count five, without benefit of parole, probation, or suspension of sentence.[3]  In addition, the trial court assessed fees in the amount of $1,250.00.  All of the sentences were ordered to run concurrently with each other and with defendant's sentence issued in case number 18-7977.

Defendant filed his first *pro se* Uniform Application for Post-Conviction Relief (APCR) and a memorandum in support on May 11, 2020, raising several ineffective assistance of counsel claims.  The trial court denied defendant's APCR on June 1, 2020, as premature, dismissed it without prejudice, and granted him an out-of-time appeal.[4]  This appeal followed.

## LEGAL ANALYSIS

Under the procedure adopted by this Court in *State v. Bradford*, 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[5] appointed appellate counsel filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal.  Accordingly, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241 (*per curiam*), appointed counsel has requested permission to withdraw as counsel of record for defendant.

---

[3]      As part of the plea agreement, the State also agreed not to file a multiple offender bill.

[4]      Defendant did not file a motion to reconsider sentences, and he did not file a motion for appeal within thirty days of September 12, 2019.  Defendant also did not request an out-of-time appeal.

[5]      In *Bradford*, *supra*, this Court adopted the procedures outlined in *State v. Benjamin*, 573 So.2d 528, 530 (La. App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in *State v. Mouton*, 95-981 (La. 4/28/95), 653 So.2d 1176, 1177 (*per curiam*).

In *Anders*, *supra*, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it.[6] The request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal" so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." *McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988) (quotation omitted).

In *Jyles*, 704 So.2d at 241, the Louisiana Supreme Court stated that an *Anders* brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an *Anders* brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Id.*

When conducting a review for compliance with *Anders*, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. *Bradford*, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may

---

[6] The United States Supreme Court reiterated *Anders* in *Smith v. Robbins*, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. *Id*.

Defendant's appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Appellate counsel asserts that before defendant changed his pleas from not guilty to guilty, he was fully informed of the legal consequences of doing so by both his trial counsel and the trial court. Further, appellate counsel contends that in addition to the extensive waiver and plea form completed and signed by both defendant and his counsel, thereby acknowledging an understanding of the rights being waived and the sentences to be imposed, an examination of the plea colloquy reveals that the trial court was thorough in explaining and assuring that defendant understood the rights he was waiving by pleading guilty. Appellate counsel states that the trial court informed defendant of his constitutional rights to a trial by jury, to remain silent, to confront witnesses, and to the presumption of innocence. Defendant was also informed that the State would be required to prove his guilt beyond a reasonable doubt. Further, appellate counsel contends that prior to accepting defendant's guilty pleas, the trial court advised him of the sentences that would be imposed on each of the four counts per the plea agreement and obtained a factual narrative from the State regarding what it intended to prove had the case gone to trial.

Appellate counsel also asserts that defendant acknowledged the facts as true and assured the trial judge that the plea was voluntary. She notes that although defendant asserts that his counsel was ineffective, the allegations made—other than the fact that defendant's presence in court was waived on numerous occasions—cannot be established by the appellate record and should be addressed in a post-conviction proceeding where a full evidentiary hearing can be held. Appellate

counsel asserts that since defendant cannot appeal or seek review of a sentence that was imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea, defendant is restricted from appealing his sentences.

The State responds that appellate counsel has correctly asserted that this case presents no non-frivolous issues for appellate review. It further responds that defendant was fully apprised of the legal consequences of changing his pleas from not guilty to guilty. The State asserts that defendant signed and initialed the waiver of rights form, thereby waiving his rights. Also, the State avers that during the colloquy, the trial judge explained to defendant the rights he was waiving, including the right to a jury trial, the right to confront witnesses, and the right against self-incrimination. The State notes that the trial judge explained the sentences it would impose pursuant to the plea agreement. The State agrees with appellate counsel that defendant is barred from appealing his sentences.

We find appellate counsel's brief adequately reviews the procedural history of the case and provides a detailed assessment of whether there are any non-frivolous issues, thereby satisfying the requirements of *Jyles*, *supra*.

Our independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal. When an *Anders* brief is filed, the appellate court reviews: (1) the bill of information to insure the defendant was properly charged; (2) all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct, and the sentence is legal; (3) all pleadings that are in the record; and (4) all transcripts to determine if any ruling provides an arguable basis for appeal. *State v. Bradford*, 676 So.2d at 1110-11.

Because defendant pled guilty, the facts were not fully developed at a trial. However, during the guilty plea colloquy, the State provided the following factual basis for the guilty pleas:

> Your Honor, had the State proceeded to trial it would
> have proven beyond a reasonable doubt that on or about
> November 4th, 2018, the Defendant, Darval Ledet,
> violated Louisiana Revised Statute 14:27/64.3 and that he
> did attempt to rob Daisha Patin while armed with a
> firearm, also on that same date he violated Louisiana
> Revised Statute 14:27/30.1, and that he attempted to
> commit a second degree murder of Daisha Patin, on that
> same date also he violated the second count of 14:27/64.3
> and that he did attempt to rob Roy Cain while armed with
> a firearm. And also that on that same day violated
> Louisiana Revised Statute 14:95.1 he did have in his
> possession a firearm, having previously been convicted
> of possession of methamphetamine, and it's under case
> 17-0450, Division A, 25th Judicial District Court, Parish
> of Plaquemines. All of these offenses occurred in
> Jefferson Parish.

Once read into the record, defendant acknowledged to the court that the factual basis was correct. Moreover, the amended bill of information shows that defendant was properly charged. As required, it plainly and concisely states the essential facts constituting the offenses charged. It also sufficiently identified defendant and the crimes charged. *See* La. C.Cr.P. arts. 462-466.

Additionally, the record reveals that there are no appealable issues involving defendant's presence. The minute entries reflect that defendant appeared at all crucial stages of the proceedings against him, including his arraignment, guilty plea proceeding, and sentencing. Defense counsel filed a pre-trial motion for disclosure of impeaching information. Although the motion was not ruled upon, defendant did not object. Motions are considered waived when a defendant does not object to the trial court's failure to hear or rule on a pre-trial motion prior to pleading guilty. *See State v. Kelly*, 17-221 (La. App. 5 Cir. 12/29/17), 237 So.3d 1226, 1232, *writ denied*, 18-153 (La. 11/5/18), 255 So.3d 1051. Further, as there were no rulings, none were preserved for appeal under the holding in *State v. Crosby*, 338 So.2d 584 (La. 1976).

Further, defendant was advised of and waived his *Boykin*[7] rights, then pled guilty as charged to the offenses in the amended bill of information. Generally, if a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. *State v. Turner*, 09-1079 (La. App. 5 Cir. 7/27/10), 47 So.3d 455, 459. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. *State v. McCoil*, 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the *Boykin* colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. *Id.*

Our independent review of the record reveals no constitutional infirmity or any irregularity in defendant's guilty pleas that would render them invalid. The record indicates that defense counsel advised the trial judge that defendant was going to plead guilty to the amended bill of information, and he submitted the waiver of rights form to the court. The trial judge stated that defendant was pleading guilty to one count of attempted second degree murder, two counts of attempted armed robbery, and one count of possession of a firearm by a convicted felon. During the colloquy, the trial judge advised defendant that by pleading guilty, he was giving up numerous rights, including the right to trial by jury, the right to require the State to prove his guilt beyond a reasonable doubt, the right to confront his accusers and cross examine witnesses, and the right to remain silent, as required by *Boykin*. Defendant indicated that he understood that by pleading guilty, he was waiving those rights. Further, the waiver of rights form reflects that defendant was advised of his right to a jury trial, his right to confrontation, and his

---

[7] *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

privilege against self-incrimination; that defendant placed his initials next to the individual advisals of his rights; and, that he placed his signature at the end of the waiver of rights form, thus indicating that he understood he was waiving those rights.

Also during the plea colloquy, defendant indicated that no one was forcing or threatening him to plead guilty, that he was satisfied with his attorney's representation, and that he understood his guilty pleas could be used to enhance a future felony conviction. The trial judge stated that he had been provided with the waiver of rights form, and defendant indicated that he signed that form, that his rights were explained to him, that he understood those rights, and that he was entering into these pleas freely and voluntarily. The State subsequently provided a factual basis, which defendant indicated was correct. The trial court then accepted defendant's guilty pleas, stating that he was satisfied that defendant understood the consequences of his pleas and that he had entered them freely and voluntarily. The State represented that pursuant to the plea negotiations, it agreed not to file a multiple bill.

Additionally, during the plea colloquy, the trial judge advised defendant of the sentencing ranges for the offenses and the sentences he would receive if the pleas were accepted, which defendant indicated he understood. We note that the trial court incorrectly informed defendant of the sentencing ranges on counts two and five.[8] Nevertheless, the trial court advised defendant that he would be sentenced to twenty-five years at hard labor on count two and twenty years at hard labor on count five, and defendant was sentenced accordingly. Despite the judge's misinformation, we find the advisement of the agreed upon sentences sufficiently

---

[8] The trial court advised defendant that the sentencing range on count two, attempted second degree murder, was zero to fifty years; however, La. R.S. 14:27 and La. R.S. 14:30.1 provide that the sentencing range was ten to fifty years. The trial court also advised defendant that the sentencing range on count five, possession of a firearm by a convicted felon, was ten to twenty years; however, La. R.S. 14:95.1 provides that the sentencing range was five to twenty-five years.

complied with La. C.Cr.P. art. 566.1, as it did not affect the voluntariness of defendant's guilty pleas based on the circumstances presented herein. *See State v. Craig*, 10-854 (La. App. 5 Cir. 5/24/11), 66 So.3d 60, 64.

Further, we find that defendant's sentences on all counts are within the sentencing ranges prescribed by the relevant statutes. Also, the sentences were imposed pursuant to, and in conformity with, the plea agreement.[9] In this regard, La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence that was imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. *State v. Moore*, 06-875 (La. App. 5 Cir. 4/11/07), 958 So.2d 36, 46.

The transcript reflects that the trial judge ordered defendant to pay a fee of $1,250.00 in connection with count five, possession of a firearm by a convicted felon.[10] The sentencing minute entry also indicates that the trial court ordered defendant to pay this fee. While the waiver of rights form does not show that defendant was advised that he would have to pay this fee, the form entitled, "Felony: Schedule of Fines, Fees, Sentencing Provisions & Probation Requirements" reflects that defendant agreed to pay the $1,250.00 fee. Also, while the transcript does not indicate that the trial judge advised defendant during the colloquy that he would have to pay this fee, the transcript shows that prior to the colloquy, defense counsel told the trial judge that defendant was going to plead guilty, after which he stated, "I'd submitted to the Court boykin forms on each sets of charges and fine, and fees sheets [sic]." La. R.S. 14:95.1 mandates the

---

[9] It is noted that the five-year sentencing enhancements on the attempted armed robbery convictions were properly imposed pursuant to La. R.S. 14:64.3(B), which provides that when the dangerous weapon used in the commission of the crime of attempted robbery is a firearm, the offender shall be imprisoned at hard labor for an additional period of five years without benefit of parole, probation, or suspension of sentence. The statute further provides that this additional penalty shall be served consecutively to the sentence imposed under La. R.S. 14:27 and La. R.S. 14:64. It is also noted that notice of La. R.S. 14:64.3 was properly given by the State in the bill of information. Further, defendant was advised of the five-year enhancements in the waiver of rights form.

[10] Specifically, the trial judge stated, "The Court will assess as to count five a fee of $1,250.00 to the Sheriff's Office which is mandated by statute, it's a mandatory fee for laboratory work."

20-KA-258                                    9

imposition of a fine of not less than $1,000.00 nor more than $5,000.00. Based on the foregoing, we find that the $1,250.00 "fee" imposed by the trial judge in connection with count five was actually the mandatory "fine" required by the statute.

Accordingly, we find the trial court proceedings and defendant's sentences do not present any non-frivolous issues to be raised on appeal. Because appellate counsel's brief adequately demonstrates by full discussion and analysis that her review of the trial court proceedings did not identify any basis for a non-frivolous appeal, and our independent review of the record supports counsel's assertion, we grant appellate counsel's motion to withdraw as attorney of record for defendant.

*Pro Se* **Assignments of Error**

Defendant has filed a *pro se* supplemental brief raising four assignments of error, to wit: (1) whether the State induced an involuntary guilty plea through mental coercion by telling defendant that he had twenty-four hours to accept the offered plea or the agreement would be off the table, and willingly or inadvertently, avoiding to respond to defendant's motion for disclosure of impeaching information filed on behalf of defendant one week prior; (2) whether defendant entered a knowing and intelligent plea agreement when the trial court failed to inform him during the court's acceptance of the plea that defendant would not be able to withdraw the plea agreement and that defendant had the right to plead not guilty; (3) whether the trial court erred in allowing a plea agreement without assuring that the plea was totally voluntary and not the result of promises when, in fact, defendant's attorney promised that defendant would not have to serve the entire sentence because the prosecutor would not seek the multi-bill, but the Department of Corrections nevertheless ordered defendant to serve the entire sentence due to his prior convictions; and (4) whether defendant's attorney

rendered ineffective assistance in allowing defendant to enter an unintelligent plea agreement that violated the prohibition against double jeopardy.[11]

In his *pro se* brief, defendant first argues that the plea colloquy establishes that the trial court did not mention "a number of rights," and did not assure that defendant clearly understood every right he was waiving, during its acceptance of his guilty plea. While it is unclear from defendant's brief which "rights" he contends were omitted from the plea colloquy, it is assumed that he contends that he was not advised that he would not be able to withdraw his guilty pleas once they were accepted by the trial court.

As previously discussed, our thorough review of the record reveals no constitutional infirmity or any irregularity in the trial court's acceptance of defendant's guilty pleas that would render them invalid. The record shows that defendant was aware that he was pleading guilty as charged to one count of attempted second degree murder, two counts of attempted armed robbery, and one count of possession of a firearm by a convicted felon. On the waiver of rights form signed by defendant, as well as during the *Boykin* colloquy, defendant was advised that by pleading guilty he was giving up numerous rights, including his right to jury trial, his right to confrontation, and his privilege against self-incrimination, as required by *Boykin*. Defendant acknowledged that his counsel had reviewed with him the waiver of rights form and that the form bore his signature. Defendant placed his initials next to individual advisals of his rights and placed his signature at the end of the waiver of rights form, indicating that he understood that he was waiving these rights. Defendant also articulated to the trial court during the colloquy that he understood he was waiving his rights by pleading guilty.

---

[11]   While defendant's *pro se* supplemental brief sets forth each of these four individual assignments of error, he does not brief each issue separately, but rather, presents one "argument" to address them all.

Further, the record shows that defendant was informed that his guilty pleas could be used to enhance penalties for future convictions. Defendant confirmed that he had not been forced or threatened into entering his guilty pleas.

We find that the record establishes that defendant was properly advised of his rights, that he understood that by pleading guilty he was waiving those rights, and that he was sentenced in accordance with the plea agreement. We also note that defendant received a great benefit from pleading guilty in that the State agreed not to multiple bill him, and the sentences were ordered to run concurrently. We find that this *pro se* assignment of error lacks merit.

In his *pro se* brief, defendant next argues that his "substantial rights were systematically neglected," as is reflected by defense counsel's repetitive waiver of defendant's presence at court hearings without consent. We construe defendant's argument as a claim for ineffective assistance of counsel based on defense counsel's waiving defendant's presence at court hearings without his consent.

The Sixth Amendment to the United States Constitution, and Article I, § 13 of the Louisiana Constitution safeguard a defendant's right to effective assistance of counsel. *State v. Thomas*, 12-1410 (La. 9/4/13), 124 So.3d 1049, 1053; *State v. Francois*, 13-616 (La. App. 5 Cir. 1/31/14), 134 So.3d 42, 58, *writ denied*, 14-431 (La. 9/26/14), 149 So.3d 261. When the issue of ineffective assistance of counsel is raised, the claim is evaluated under the test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), where the defendant must prove: (1) that his counsel's performance was deficient, *i.e.*, that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment; and (2) that the deficient performance prejudiced the defense, *i.e.*, that the errors were so serious as to deprive the defendant a fair trial. *Id.*, 466 U.S. at 687, 104 S.Ct. at 2064. "As a general matter, a defendant alleging a Sixth Amendment violation must demonstrate a 'reasonable probability that, but

for counsel's unprofessional errors, the result of the proceeding would have been different.'" *State v. Garcia*, 09-1578 (La. 11/16/12), 108 So.3d 1, 30, quoting *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. It is not enough for the accused to make allegations of ineffectiveness; the accused must couple these allegations with a specific showing of prejudice. *State v. Bell*, 02-1127 (La. App. 5 Cir. 2/25/03), 840 So.2d 656, 660.

The Sixth Amendment does not guarantee "errorless" counsel, or counsel judged ineffective by hindsight. Rather, a defendant is guaranteed an attorney who is reasonably likely to render effective assistance. *State v. LaCaze*, 99-584 (La. 1/25/02), 824 So.2d 1063, 1078, *cert. denied*, 537 U.S. 865, 123 S.Ct. 263, 154 L.Ed.2d 110 (2002). Judicial scrutiny must be highly deferential, and claims of ineffective assistance are to be assessed on the facts of the particular case as seen from the counsel's perspective at the time. The courts, therefore, must indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance. *Id*.

Generally, an ineffective assistance of counsel claim is most appropriately addressed through an application for post-conviction relief filed in the district court, where a full evidentiary hearing can be conducted, if necessary, rather than by direct appeal. *State v. Ferrera*, 16-243 (La. App. 5 Cir. 12/14/16), 208 So.3d 1060, 1066-67. However, when the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised in an assignment of error on appeal, the claim may be addressed in the interest of judicial economy. *Id*. at 1067; *State v. Boston*, 14-632 (La. App. 5 Cir. 12/16/14), 167 So.3d 82, 88. If, on the other hand, "the record does not contain sufficient evidence to fully explore a claim of ineffective assistance of counsel, the claim should be relegated to post-conviction proceedings under La. C.Cr.P. art. 924-930.8." *State v. Taylor*, 04-346 (La. App. 5 Cir. 10/26/04), 887 So.2d 589, 595.

Here, we find the record contains sufficient evidence to address defendant's claim that his counsel was ineffective for waiving defendant's presence at court hearings without defendant's consent. The record shows that defendant appeared in court and was arraigned on January 3, 2019. The record also shows that on January 24, 2019, defense counsel waived defendant's presence, and that the State provided discovery to defense counsel. On February 2, 2019, defense counsel again waived defendant's presence at a status hearing; the hearing was held and marked satisfied. On April 2, 2019, defendant's presence was waived by defense counsel; a status hearing was held and marked satisfied, and the trial court set dates for a "final plea status" hearing and for trial. On May 16, 2019, defendant appeared in court for the scheduled "plea status" hearing, and defense counsel's motion to continue trial without date was granted.

The record also shows that defendant appeared in court on June 13, 2019, for a status hearing, which was marked satisfied. At that hearing, discovery was marked satisfied and dates were set for the next hearing and a trial date was set for September 16, 2019. Additionally, defense counsel was given thirty days to file motions or they would be considered waived. At the next scheduled status hearing held on August 8, 2019, defense counsel waived defendant's presence. The status hearing was held and marked satisfied, and another status hearing was scheduled for September 3, 2019; the previously set September 16, 2019 trial date was maintained. The record shows that defendant appeared for the September 3, 2019 status hearing, which was held and marked satisfied. Again, the September 16, 2019 trial date was maintained. On September 11, 2019, defendant appeared in court for a status hearing at which time the State placed its plea offer on the record. Defendant acknowledged that he understood the plea offer and advised the court

that he would discuss his options with his attorney; the September 16, 2019 trial date was maintained.

La. C.Cr.P. art. 831, which governs the presence of a defendant in felony prosecutions, provides:

> A. Except as may be provided by local rules of court in accordance with Articles 522,[12] 551,[13] and 562,[14] a defendant charged with a felony shall be present at all of the following:
>
> (1) At arraignment.
>
> (2) When a plea of guilty, not guilty, or not guilty and not guilty by reason of insanity is made.
>
> (3) At the calling, examination, challenging, impaneling, and swearing of the jury, and at any subsequent proceedings for the discharge of the jury or of a juror.
>
> (4) At all times during the trial when the court is determining and ruling on the admissibility of evidence;
>
> (5) In trials by jury, at all proceedings when the jury is present, and in trials without a jury, at all times when evidence is being adduced.
>
> (6) At the rendition of the verdict or judgment, unless he voluntarily absents himself.

La. C.Cr.P. art. 831 [internal footnotes added].

La. C.Cr.P. art. 834, which governs when the presence of a defendant is not necessary, provides:

> The defendant has a right to be present, but his presence is not essential to the validity of any of the following proceedings in a criminal prosecution:

---

[12] La. C.Cr.P. art. 522 governs a defendant's appearance at hearings on motions and audio-visual appearances.

[13] La. C.Cr.P. art. 551 governs pleas at the arraignment of defendants.

[14] La. C.Cr.P. art. 562 controls the use of simultaneous audio-visual transmission for certain proceedings.

(1) The making, hearing of, or ruling on a preliminary motion or application addressed to the court;

(2) The making, hearing of, or ruling on a motion or application addressed to the court during the trial when the jury is not present; except as provided in Clause (4) of Article 831; and

(3) The making, hearing of, or ruling on a motion or application made after his conviction.

Based upon our review of the record, we do not find that defense counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and therefore, did not provide defendant with ineffective assistance under *Strickland*. The minute entries reflect that defendant was present for both his arraignment and his guilty pleas as required by La. C.Cr.P. art. 831. Defendant's presence was not required for the other court proceedings—those which he attended and those which he did not—and thus, his counsel did not provide ineffective assistance by waiving defendant's presence at those hearings. Accordingly, we find that defendant's claim regarding the ineffectiveness of his counsel for waiving defendant's presence at court proceedings without his consent lacks merit.

Regarding his next *pro se* assignments of error, defendant asserts additional ineffective assistance of counsel claims. Specifically, defendant argues that he could not have made a knowing, intelligent, and voluntary decision to enter a plea agreement "if [his] attorney made promises to [him] concerning time that [he] would serve on sentence because the prosecutor would not seek the multi-bill but was wrong because of lack of knowledge of pertinent laws [sic]." In essence, defendant contends his counsel was ineffective for advising him that he would not have to serve his entire sentence. Defendant also contends that his counsel was

ineffective for failing to advise him that he would not be able to withdraw his guilty pleas or that he could have pled not guilty and asserted his innocence. In support of his contention, defendant claims that the motion for disclosure of impeaching information that was filed at his behest one week prior to the signing of the plea agreement reflects his desire to go to trial. He claims that he would have been "undecided" about accepting the plea agreement if his counsel had made him aware that he would not be able to withdraw his consent to the plea agreement. Defendant argues that the cumulative effect of the numerous violations regarding the plea colloquy and his attorney's ineffectiveness should render his guilty plea unknowing, unintelligent, involuntary, and invalid.

The United States Supreme Court has held that the two-prong test set forth in *Strickland* applies to claims of ineffective assistance of counsel that arise out of the plea process:

> In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already set forth in *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 35 L.Ed.2d 235 (1973), and *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985) [internal footnotes omitted].

Of significance, a defendant must prove both the *Strickland* elements to establish that his counsel was so ineffective as to require reversal. *State v. Hongo*, 96-2060 (La. 12/2/97), 706 So.2d 419, 422. As the United States Supreme Court

has set forth, "[j]udicial scrutiny of counsel's performance must be highly deferential," and a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance." *Strickland¸* 466 U.S. at 689-690, 104 S.Ct. 2052. Notably, "it is necessary to 'judge … counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" *Lockhart v. Fretwell*, 506 U.S. 364, 371, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993), quoting *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052. Furthermore, "[g]eneral statements and conclusory allegations will not suffice to prove a claim of ineffective assistance of counsel." *State v. Fisher*, 19-488 (La. App. 5 Cir. 6/24/20), 299 So.3d 1238, 1247, quoting *State v. Celestine*, 11-1403 (La. App. 3 Cir. 5/30/12), 91 So.3d 573, 579.

As to defendant's allegations herein regarding his counsel's ineffectiveness for providing misinformation about the amount of time defendant would be required to serve, and for failing to make him aware that he could not withdraw his consent or back out of the plea agreement, we find the record is insufficient to fully consider these claims. We note that, because defendant's convictions resulted from a guilty plea, the only transcripts in the record available for review are that of a status hearing and the plea hearing. The record does not indicate what advice, if any, counsel gave to defendant prior to entering his guilty pleas regarding the time defendant would have to serve or under what conditions and/or circumstances defendant could withdraw his guilty pleas. (*See State v. Granado*, 18-485 (La. App. 3 Cir. 12/6/18), 261 So.3d 51, 57-58, *writ denied*, 19-48 (La. 9/6/19), 278 So.3d 968, where the defendant alleged his guilty plea was made in reliance on assertions or promises not found in the record. The appellate court found that because the record did not contain the evidence about which the defendant complained, the defendant's claim of ineffective assistance of counsel was relegated to post-conviction proceedings.) We find that these ineffective assistance

of counsel claims are more properly raised in an application for post-conviction relief in the trial court, where a full evidentiary hearing can be conducted, if necessary, and defendant can present evidence to support his allegations. *See State v. Stiller*, 16-659 (La. App. 5 Cir. 7/26/17), 225 So.3d 1154; and *State v. Johnson*, 18-294 (La. App. 5 Cir. 1/16/19), 264 So.3d 593.

In his last ineffective assistance of counsel claim, defendant makes a general allegation that his counsel rendered ineffective assistance by allowing him to "enter an unintelligent plea agreement that violated the prohibition against double jeopardy." As previously stated, "[g]eneral statements and conclusory allegations will not suffice to prove a claim of ineffective assistance of counsel." *Fisher*, 299 So.3d at 1247, quoting *Celestine*, 91 So.3d at 579. Further, all specifications or assignments of error must be briefed pursuant to Uniform Rules–Courts of Appeal, Rule 2–12.4(B)(4), and the appellate court may consider abandoned any specification or assignment of error that has not been briefed. *State v. Caulfield*, 10-769 (La. App. 5 Cir. 5/24/11), 67 So.3d 600, 608, *writ denied*, 11-1395 (La. 3/30/12), 85 So.3d 107. The "Argument" section of defendant's *pro se* brief makes no mention of "double jeopardy." Consequently, we find that defendant has effectively failed to brief how the plea agreement at issue violated the prohibition against double jeopardy and, thus, consider this *pro se* assignment of error abandoned.

### ERRORS PATENT DISCUSSION

Defendant requests an errors patent review. However, this Court routinely reviews the record for errors patent in accordance with La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5 Cir. 1990), regardless of whether defendant makes such a request. Our review reveals that there is one error patent, which does not require corrective action.

During the plea colloquy, the trial court advised defendant that post-conviction relief applications must be filed within two years of the date that the sentence becomes final. However, after sentencing, the trial judge advised defendant that he had two years after the judgment of conviction and sentence becomes final in which to seek post-conviction relief. We note that the waiver of rights form reflects that defendant was advised that any post-conviction relief applications must be filed within two years of the date that "this sentence" becomes final. Further, the sentencing minute entry indicates that defendant was advised that he had two years after judgment of conviction and sentence has become final to seek post-conviction relief.

If a trial court fails to advise, or provides an incomplete advisal, pursuant to La. C.Cr.P. art. 930.8, this Court may correct this error by informing the defendant of the applicable prescriptive period for post-conviction relief by means of its opinion. However, in the instant case, although defendant received conflicting advice regarding the time period for filing a post-conviction relief application, he nevertheless timely filed an application for post-conviction relief and, therefore, the error is moot. *See State v. Staggers*, 03-655 (La. App. 5 Cir. 10/28/03), 860 So.2d 174, 179 (where this Court found that while it was true that the defendant was not initially advised of the two-year prescriptive period for filing an application for post-conviction relief under La. C.Cr.P. art. 930.8, he timely filed an application for post-conviction relief, and thus, the error was moot.)

**DECREE**

For the foregoing reasons, we affirm defendant's convictions and sentences on all counts. Appellate counsel's motion to withdraw as counsel of record for defendant is granted.

**CONVICTIONS AND SENTENCES AFFIRMED; MOTION TO WITHDRAW GRANTED.**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**JANUARY 27, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 20-KA-258

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE MICHAEL P. MENTZ (DISTRICT JUDGE)
GAIL D. SCHLOSSER (APPELLEE)          THOMAS J. BUTLER (APPELLEE)          KATHERINE M. FRANKS (APPELLANT)

**MAILED**
DARVAL B. LEDET #334730 (APPELLANT)    HONORABLE PAUL D. CONNICK, JR.
ALLEN CORRECTIONAL CENTER              (APPELLEE)
3751 LAUDERDALE WOODYARD ROAD          DISTRICT ATTORNEY
KINDER, LA 70648                       DOUGLAS E. RUSHTON (APPELLEE)
                                       ASSISTANT DISTRICT ATTORNEY
                                       TWENTY-FOURTH JUDICIAL DISTRICT
                                       200 DERBIGNY STREET
                                       GRETNA, LA 70053