LANDRIEU, Judge.
Robert N. O’Brien was charged by a bill of information on June 21, 1991 with possession of marijuana, second offense, a violation of La.Rev.Stat.Ann. § 40:966(D)(2) (West 1992). At his arraignment on January 31, 1992, he pled not guilty. After the defendant withdrew his former plea of not guilty and en *699 tered a plea of guilty as charged on February 7, 1992, the trial court ordered a pre-sen-tence investigation. Prior to his sentencing on July 10, 1992, defense counsel requested that defendant be allowed to withdraw his guilty plea. The request was denied and the defendant was sentenced to serve one (1) year at hard labor.[1] Claiming the trial court erred when it denied his motion to withdraw his guilty plea of possession of marijuana, second offense, the defendant now appeals. We reverse and remand.
A review of the record for errors patent reveals none.
In his sole assignment of error, the defendant contends that the trial court erred when it denied his motion to withdraw his guilty plea to possession of marijuana, second offense. Specifically, the defendant argues that, since the State presented inadequate proof of the first possession offense, he should have been allowed to withdraw his plea.
First, the defendant argues that, since his guilty plea to the first marijuana offense was made under La.Rev.Stat.Ann. § 40:983 (West 1992),[2] it cannot be used to enhance a future conviction. A plea taken under § 40:983 cannot be considered an adjudication of guilt and cannot be used to enhance a future conviction. State v. Randall, 464 So.2d 971 (La.App. 4th Cir.1985).
The defendant was charged with possession of marijuana, second offense after having been previously convicted of possession of marijuana in case number 330-003 of the Criminal District Court for the Parish of Orleans.[3] In the prior offenses two co-defendants pled under the conditional discharge statute, but the defendant pled guilty as charged. Accordingly, this argument is without merit.
Second, the defendant argues that, in order for the State to use his prior conviction of possession of marijuana, first offense, to upgrade this offense to a second offense possession of marijuana, it was necessary for the State to prove that he was properly Boykin-ized at the prior guilty plea.
Whenever a misdemeanor guilty plea will be used as a basis for actual imprisonment, enhancement of actual imprisonment or conversion of a subsequent misdemeanor into a felony, it is incumbent upon the trial judge to inform the defendant that by pleading guilty he waives (a) his privilege against compulsory self-incrimination; (b) his right to trial and jury trial where it is applicable; (c) his right to confront his accusers, and to make sure that the accused has a full understanding of what the plea connotes and of its consequence. State v. Jones, 404 So.2d 1192 (La.1981).
In the instant case, the minute entry showing defendant’s guilty plea to his possession of marijuana, first offense, does not disclose that he was advised of his constitutional rights and waived those rights. This misdemeanor guilty plea was used as a basis for conversion of a subsequent misdemeanor, possession of marijuana, first offense, into a felony, possession of marijuana, second offense. Furthermore, because the defendant *700 received a one year jail sentence, the misdemeanor guilty plea was used to enhance his actual imprisonment beyond the maximum six months jail sentence he could have received for possession of marijuana, first offense.
Normally, when a defendant enters a plea to an enhanced offense or to a multiple bill, he is foreclosed from later contesting the use of the predicate offense in that proceeding. State v. Merschal, 499 So.2d 360 (La.App. 4th Cir.1986); State ex rel. Martin v. State 462 So.2d 637 (La.1985). Here, however, defendant was represented by substitute counsel when he entered the plea and his regular counsel moved to withdraw the plea before sentence was imposed.
Although the trial court was not required to permit the defendant to withdraw his guilty plea, La.Code Crim.Proc.Ann. art. 559 (West Supp.1993), under the circumstances, it was an abuse of discretion not to permit the defendant to do so. Accordingly, the defendant’s' conviction and sentence for possession of marijuana, second offense, are reversed. The case is remanded for further proceedings.
REVERSED AND REMANDED.

. Although a motion to reconsider the sentence was contained in the record, there was no indication of the date that it was filed or considered.

. La.Rev.Stat.Ann. § 40:983 provides:
(A) Whenever any person who has not previously been convicted of any offense under this Part pleads guilty to or is convicted of having violated R.S. 40:966(C), R.S. 40:967(C), R.S. 40:968(C), R.S. 40:969(C). R.S. 40:970(0 of this Part, and when it appears that the best interests of the public and of the defendant will be served, the court may, without entering a judgment of guilt and with the consent of such person, defer further proceedings and place him on probation upon such reasonable terms and conditions as may be required. Among such conditions the court shall order that the defendant perform not less than one hundred hours of court-approved community service that may include manual labor.
[[Image here]]
(D) Discharge and dismissal under this Section shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime, including the additional penalties imposed for second or subsequent convictions under R.S. 40:982.

.Although the plea of guilty form in case number 330-003 was dated January 4, 1983. the minute entry and docket master reveal the actual plea of guilt was made on January 4, 1989.