PER CURIAM.
| jWrit granted. The State seeks supervisory relief’from the Trial Court’s ruling suppressing evidence found in the defendant’s possession. In reviewing whether the Trial Court erred in suppressing the evidence, we find error in the Trial Court ruling, reverse, and remand for trial.
Officers received an anonymous tip that defendant, who was selling various items from a table on Canal Street in front of a restaurant, was also selling drugs. The tipster gave a detailed description of the defendant and his location. On the way to that location, the officer called the informant who stated, more particularly, she had observed the defendant reach behind the table, retrieve an unknown item, and hand it to another individual for money. Upon arriving at the scene, officers observed an individual, who matched the description, selling items as described. Officers approached the defendant and informed him that they were investigating a call regarding an individual fitting the defendant’s description suspected of selling drugs. Defendant responded, “You are just doing your job, then do your job.” One of the officers then went to the right side of the table and saw a black backpack behind the table. The officer bent down and detected the smell of marijuana emanating from the backpack. The officers then read the defendant his Miranda | ¡.rights and asked the defendant if the backpack belonged to him, to which the defendant responded affirmatively. The officers looked in the bag and observed a handgun and a clump of loose marijuana.
As an initial matter, “law enforcement officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place, by asking him if he is willing to answer some questions, or by putting questions to him if the person is willing to listen.... ” Florida v. Royer, 460 U.S. 491, 497, 103 S.Ct. 1319, 1324, 75 L.Ed.2d 229 (1983)(White, J.); see also Florida v. Bostick, 501 U.S. 429, 439, 111 S.Ct. 2382, 2388, 115 L.Ed.2d 389 (1991)(“[T]he proposition that police offi *533 cers can approach individuals as to whom they have no reasonable suspicion and ask them potentially incriminating questions .... is by no means novel; it has been endorsed by the Court any number of times.”) (citations omitted). Thus, an encounter between a police officer and a citizen “will not trigger Fourth Amendment scrutiny unless it loses its consensual nature.” Bostick, 501 U.S. at 434, 111 S.Ct. at 2386. Police officers remain free to approach any citizen to ask him a few questions “as long as [they] do not convey a message that compliance with their requests is required.” Bostick, 501 U.S. at 435, 111 S.Ct. at 2386. State v. Richardson, 09-0638 (La.10/20/09), 23 So.3d 254.
The plain view doctrine renders a warrantless search reasonable: (1) if the police officer is lawfully in the place from which he views the object; (2) where the object’s incriminating character is immediately apparent; and (3) the officer has a lawful right of access to the object. Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990); State v. Willis, 36,759 (La.App. 2 Cir.4/9/03), 843 So.2d 592, writ denied, 04-1219 (La.4/1/05), 897 So.2d 593. The plain smell |sexception is an extension of the plain view exception. State v. Allen, 10-1016 (La.5/7/10); 55 So.3d 756.
 In this case, the defendant was in a public place when officers arrived. Although the Trial Court was concerned with the sufficiency of the anonymous tip, that analysis was not relevant because the officers were in a place where they were legally entitled to be. Upon informing the defendant of their interest, the defendant told the officers, “You are just doing your job, then do your job.” This was nothing more than a consensual encounter. Officer Collins then went to the side of the table and, observing the bag, bent over and smelled marijuana coming from the backpack. At that point, based on the plain smell doctrine, and being where the officers lawfully had a right to be, the officers were well within their constitutional bounds to search the backpack and its contents. Accordingly, the evidence discovered pursuant to the search should not have been suppressed.
For the foregoing reasons, the ruling of the Trial Court, granting defendant’s motion to suppress, is hereby reversed. Defendant’s motion to suppress is denied and the case is remanded to the Trial Court for further proceedings.
JUDGMENT OF TRIAL COURT REVERSED; MOTION DENIED; REMANDED TO DISTRICT COURT.