EDWIN A. LOMBARD, Judge.
_jjThe defendant, Jarrin R. Gayden, files this appeal pursuant to State v. Crosby, 338 So.2d 584 (La.1976), arguing that his conviction for possession of marijuana, second offense, in violation of La.Rev.Stat. 40:966(D)(2), is invalid. After review of the record in light of the applicable law and arguments of the parties, we vacate the defendant’s conviction and sentence.

Relevant Facts and Procedural History

On June 13, 2012, Officer Jeremy Wilcox of the New Orleans Police Department (NOPD) was on patrol in the 8800 block of Fig Street in New Orleans when he saw a vehicle stopped in the street with its lights on in the opposite lane, facing the patrol car. Stopping his patrol car and using a spot light for illumination, Officer Wilcox observed the defendant in the driver’s seat “moving around, fidgeting around, like, the center console area.” Jumping out of the patrol car, Officer Wilcox and his partner ordered the three occupants of the stopped vehicle to show their hands. In response to the order, the two passengers immediately complied but the driver (the defendant) put up only his left hand. Officer Wilcox and his partner reached into the vehicle and handcuffed the passengers through the window before ordering them out of the vehicle. As the | ^handcuffed passengers exited the vehicle, Officer Wilcox observed the defendant “shoving something through like the leg of his shorts” although he could not see what the object was. The two passengers were secured and, as Officer Wilcox and his partner approached the vehicle, the defendant put up both of his hands. The officers opened the driver’s side door and ordered him out of the car and, as the defendant stood up, a “little cigar pack” fell out of his shorts. After handcuffing the defendant, Officer Wilcox picked up the cigar box, opened it, and discovered “vegetable-like matter.” The defendant was arrested for possession of marijuana.
On June 28, 2012, the defendant was charged by bill of information with possession of marijuana, second offense, a violation of La.Rev.Stat., 40:966(D)(2). He pleaded not guilty at his arraignment and his appointed counsel filed generic motions for discovery, to suppress, and for a preliminary hearing. The motion hearing was held on August 17, 2012, with Officer Wilcox as the only witness. He specifically testified:
As soon as [the defendant] stood up out of the vehicle, a little cigar pack fell out of his shorts.... We got him cuffed up. Picked it up. Opened it, looked into it. It, you know, was a vegetable-like mater. Looked like marijuana.... We placed him under arrest for possession of marijuana.... It tested positive. *176 And we ended up arresting him for second possession of marijuana.
On cross-examination, Officer Wilcox stated that the vehicle was stopped in the right lane of the street with lights on and he assumed the engine was running “because his keys were still in it” and the defendant had claimed that his delay in complying with the order to put both hands up was because he had been “trying to turn the car off’ with his right hand. Officer Wilcox explicitly conceded that he there was no way to see what was in the cigar box lying on the ground “without picking it up and looking into it.” In response to the trial judge’s question, Officer laWilcox stated that “through the computer system we found out that it was not his first offense for marijuana.” The State then submitted into evidence what it characterized as “a certified packet indicating a prior conviction” for possession of marijuana out of Texas. Defense counsel pointed out, however, that the Texas offense was a “deferred adjudication” which was subsequently dismissed and, consequently, it could not be used to enhance the offense at issue. After listening to arguments on this issue, the trial court denied the motion to suppress, found probable cause, and set a trial date.
That same day, however, the defendant withdrew his not guilty plea and entered a Crosby plea, reserving his right to appeal the trial court’s denial of his motions to suppress statement and evidence. After waiver of all rights and delays, the defendant was sentenced to three years at hard labor, suspended, with credit for time served and placed on three years active probation, with the special condition that he successfully complete the drug court program, pay a $500.00 fine to the Judicial Expense Fund and $201.50 in court costs.
This appeal follows.

Assignment of Error 1

The defendant’s appellate counsel concedes that the officers had reasonable suspicion to stop and frisk him, but argues that the search of the closed cigar pack was not justified because its contents were not immediately apparent and, therefore, it was error for the trial court to deny the defendant’s motion to suppress. In response, the State concedes that the contents of the cigar pack were not readily apparent but asserts that Officer Wilcox was justified in opening the pack and inspecting its contents because he reasonably suspected it contained a weapon or other contraband.
| ¿Applicable Law
It is well-settled that the State has the burden to establish the legality of evidence seized without a warrant and that the trial court’s determinations regarding a motion to suppress evidence are entitled to great weigh. La.Code Crim. Proc. art. 703(D); State v. Hunt, 09-1589, p. 7 (La.12/1/09), 25 So.3d 746, 752. Both the United States and Louisiana Constitutions protect against unreasonable searches and seizures, although “a police office may briefly detain an individual for investigative purposes if the officer has a reasonable and articulable suspicion that the individual has committed or is about to commit a crime.” State v. Boyer, 2007-0476, p. 17 (La.10/16/2007), 967 So.2d 458, 469 (citations omitted). Search and seizures conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable subject only to a few specifically established and well delineated exceptions. Minnesota v. Dickerson, 508 U.S. 366, 372, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993). One exception, as recognized in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) allows a police officer who “observes unusual conduct which leads him reasonably to conclude in light *177 of his experience that criminal activity may be afoot” to briefly stop the suspicious person and make “reasonable inquiries” aimed at confirming or dispelling his suspicions. Minnesota v. Dickerson, supra, (citing Terry, 392 U.S. at 30, 88 S.Ct. 1868). In addition, under Terry “when an officer is justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others, the officer may conduct a patdown search to determine whether the person is in fact carrying a weapon.” Minnesota v. Dickerson, supra (citation and internal punctuation omitted). However, a police officer is only justified in frisking a subject under circumstances where a reasonably prudent person would be warranted in the belief | sthat his safety or that of others was in danger, thus requiring the officer to articulate particular facts from which he reasonably inferred that the individual was armed and dangerous. State v. Denis, 96-0956 (La.App. 4 Cir. 3/19/97), 691 So.2d 1295, 1299 (quoting State v. Hunter, 375 So.2d 99, 101-102 (La.1979)).
“The purpose of this limited search is not to discover evidence of crime, but to allow the officer to pursue his investigation without fear of violence ...” Minnesota v. Dickerson, supra (citing Adams v. Williams, 407 U.S. 143, 146, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972) (emphasis added)). Rather, “a protective search ... must be limited to that which is necessary for the discovery of weapons which might be used to harm the officer or others nearby.” Minnesota v. Dickerson, supra (citations omitted).
Pursuant to the plain view doctrine, a warrantless search is justified under the following circumstances: (1) the police officer is lawfully in the place from which he views the object; (2) the object’s incriminating character is immediately apparent; and (3) the officer has a lawful right of access to the object. State v. Gray, 2013-1326, p. 1 (La.6/28/13), 122 So.3d 531, 533 (citing Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990))[emphasis added]; see also State v. Sheehan, 99-0725, p. 1 (La.7/2/99), 767 So.2d 1 (even assuming reasonable suspicion to conduct an investigatory stop and an articulable basis to conduct a self-protective frisk for weapons, the seizure and search of the cigarette pack from relator’s shirt pocket exceeded the permissible scope of a Terry pat-down frisk and “amounted to the sort of evidentiary search that Terry expressly refused to authorize .... ” (citing Minnesota v. Dickerson, 508 U.S. 366, 378, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993); see also State v. Bridges, 2011-1666, p. 4 (La.App. 4 Cir. 11/28/12), 104 So.3d 657, 661)) (“[i]n order for the plain view exception to apply, there must be prior justification for police intrusion into a | ^protected area and it must be immediately apparent, without close inspection, that the item is contraband.”).
The Louisiana Supreme Court has determined, however, that if a defendant’s actions can be found to have violated a municipal ordinance, even if the ordinance was never considered by the arresting officers, the probable cause analysis and/or reasonable suspicion analysis is gratuitous. State v. Butler, 2012-2359, p. 5 (La.5/17/2013), 117 So.3d 87, 90-91 (even when officers had no subjective intent to arrest for violation of city ordinance, as an objective matter “the officers ultimately did nothing more than what the law entitled them to do by detaining defendant after observing him commit a misdemean- or offense in their presence and searching him for weapons and evidence, without regard to whether they had an articulable and particularized concern for their safety, and then arresting him, albeit not for the *178 offense for which they initially had probable cause.”).

Discussion

According to Officer Wilcox’s testimony, the defendant was handcuffed when the cigar box fell out of his shorts and he could not see its contents without picking it up and looking inside. Clearly, the handcuffed defendant poised no reasonable or articulable threat to the officers and the officer specifically testified that he could not see the contents of the cigar box until he picked it up and opened it. Thus, it is difficult to perceive justification for the search of the cigar box under Terry or the plain view doctrine. Under Butler, however, by stopping his car in the street, the defendant arguably violated municipal code ordinances. See New Orleans, La. Code § 154-878 (Parking not to obstruct traffic) and § 154-861 (Normal parking on roadway). Accordingly, under current Louisiana | ^jurisprudence, the trial court did not err in denying the defendant’s motion to suppress the evidence.

Assignment of Error 2

In the second assignment of error, the defendant argues that a second-offense marijuana conviction cannot be premised on a Texas deferred adjudication that ultimately resulted in a dismissal of the charges. Citing Tex.Code Crim Proc. art. 42.12 § 5(a), the defendant’s appellate counsel asserts that the Texas deferred adjudication is not a conviction but, rather, amounts to an acquittal. In support of this argument, he points to State v. Guilbeau, 03-1327, p. 5 (La.App. 5 Cir. 2/23/04), 869 So.2d 201, 204, for the proposition that a deferred adjudication under the pre-1995 version of La.Rev.Stat. 40:983 (wherein a defendant could be placed on probation and the proceedings dismissed without an adjudication of guilt) was “tantamount to an acquittal.” In response, the State argues that because the statutory provision was repealed in 1995, jurisprudence relating to the statute is not applicable. In addition, the State contends that the defendant offered no proof that he successfully met the terms and conditions of his deferred adjudication in Texas.

Applicable Law

There is no La.Code Crim. Proc. art. 966(D)(2); but see La.Code Crim. Proc. art. 966(E)(2)(a) (penalty provision for second conviction for possession of marijuana).
The Louisiana Code of Criminal Procedure defines “convicted” as “adjudicated guilty after a plea or trial on the merits,” indicating that a conviction requires an adjudication of guilt. La.Code Crim. Proc. art. 934(3).
Similar to Guilbeau cited by appellate counsel, but more relevant in this circuit is State v. O’Brien, 92-2701 (La.App. 4 Cir. 8/19/1993), 623 So.2d 698, |8wherein this court stated “A plea taken under § 40:983 cannot be considered an adjudication of guilt and cannot be used to enhance a future conviction.” 623 So.2d at 698 (citation omitted); see also State v. Jones, 99-0861, pp. 22-23 (La.App. 4 Cir. 6/21/2000), 769 So.2d 28, 43 (summarizing Louisiana 4th Circuit and Supreme Court jurisprudence finding that a plea of guilty to La.Rev.Stat. 40:983 did not constitute a predicate offense for future sentence enhancement or as basis for the charge of being a felon in possession of a firearm).

Relevant Facts

The certified packet submitted by the State as Exhibit 2 at the motion hearing indicates that on January 17, 2009, the defendant was charged in Texas with possession of marijuana. The packet also contains an Order of Deferred Adjudication dated April 1, 2009, indicating that the *179 defendant pleaded guilty to the offense of possession of marijuana and that he was fined $500.00, ordered to pay $253.00 in court costs, and placed on community supervision for a period of four years. Finally, the packet contains a motion to dismiss filed by the Harris County Attorney’s office, indicating that on February 24, 2012, the defendant’s case was dismissed. Discussion
A review of the record indicates that the defendant was charged with willful and unlawful possession of marijuana, “having been previously convicted of possession of marijuana” in Harris County, Texas. The entire record, including the State’s appellate “Statement of the Case,” refers to the defendant’s charge, Crosby plea, and sentence being based on a violation of La. Code Crim. Proc. art. 966(D)(2). There is no reference in the entire record to La. Code Crim. Proc. art. 966(E)(2)(a). This sort of sloppiness is appalling but, becaüse there is no evidence that the defendant was | (¡misled as to the charge against him, the consistent citation to the wrong statutory provision (although egregious) is not grounds for reversal. La.Code Crim. Proc. art. 464.
As to the substance of this assignment of error, whether a “deferred adjudication” from another state can be used as a predicate offense for sentence enhancement in this state, the Louisiana Supreme Court has not yet directly addressed this issue. But see Louisiana State Bar Association v. Reis 513 So.2d 1173, 1176 (La.1987) (“a dismissal of prosecution [pursuant to La. Rev.Stat. 40:983] is tantamount to an acquittal.”). Accordingly, in light of La.Code Crim. Proc. art. 934(3), O'Brien, supra, Jones, supra, as well as Reis, supra, we find it was error for the Texas deferred adjudication to serve as a basis for the defendant’s conviction and sentence in this case.

Conclusion

The defendant’s conviction and sentence for possession of marijuana, second offense, based upon a deferred adjudication as the predicate offense, are vacated and the matter is remanded to the trial court for further proceedings.
VACATED AND REMANDED.
LOBRANO, J., Concurs in the Result.
hi respectfully concur in the result.