ON WRIT OF CERTIORARI TO THE FIRST CIRCUIT COURT OF APPEAL, PARISH OF ST- TAMMANY PER CURIAM: | ]Writ granted. The parties do not dispute' that the officer was justified in approaching defendant for questioning and conducting a limited search of his outer clothing for a weapon, Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and the trial court correctly determined that the contraband—which was seized from the inside of a cigarette pack recoveréd during the Terry pat down—is not admissible pursuant to the “plain feel” exception to the warrant requirement. Minnesota v. Dickerson, 508 U.S. 366, 375-76, 113 S.Ct. 2130, 2137, 124 L.Ed.2d 334 (1993) (“If a police officer lawfully pats down a suspect’s outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect’s privacy beyond that already authorized by the officer’s search for weapons ....”). The district court, however, prematurely ruled before hearing testimony by the defense witness or considering the State’s argument that the evidence is admissible under the “plain smell” exception. As a result, it is difficult to determine from the record whether the “plain smell” exception, which was invoked by the court of appeal, should be applied. See State v. Gray, 13-1326 (La. 6/28/13), 122 So.3d 531; State v. Ingram, 14-0896 (La. 10/10/14), 157 So.3d 1101. Therefore, mindful of the district court’s role in assessing credibility at a suppression hearing, see State v. Vessell, 450 So.2d 938, 943 (La. 1984), we grant the- application for the limited purpose of remanding the matter to the district court to conduct-a new hearing on defendant’s motion to suppress the evidence and to issue a ruling on defendant’s motion thereafter. WEIMER, J., would deny. GUIDRY, J., would deny. CLARK, J., would deny. WEIMER, J. : hi would deny the writ. | T GUIDRY, J., would deny. JjCLARK, J., would deny.