PER CURIAM:
Writ granted. The state failed to prove that the officer seized the weapon in this case pursuant to a valid exception to the warrant requirement. See La.C.Cr.P. art. 703(D). Although the officer answered affirmatively when asked at the suppression hearing if the weapon was in plain view, a review of his testimony reveals no supporting facts from which the trial court could have concluded that the legal standard for a plain view seizure was met. See Horton v. California , 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990) ; see also State v. Gray , 13-1326 (La. 6/28/13), 122 So.3d 531, describing that a plain view seizure is reasonable: 1) if the officer is lawfully in the place from which he views the object; 2) where the object's incriminating character or evidentiary value is immediately apparent; and 3) when the officer has a lawful right of access to the object. Because the state failed to prove the weapon was lawfully seized and because there was no probable cause for defendant's arrest upon his initial detention, the weapon and defendant's inculpatory statements must be suppressed. See Wong Sun v. United States , 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Therefore, we reverse the district court's ruling, which denied defendant's motion to suppress. We grant defendant's motion to suppress and remand for further proceedings.
REVERSED AND REMANDED
GUIDRY, J., would deny.
CLARK, J., would deny.